UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN NEFF, | ) | |
| Plaintiff, | ) | 3:10-cv-0205-ECR-RAM |
| vs. | ) | **ORDER** |
| DEBRA BROOKS, *et al.*, | ) | |
| Defendants. | ) | |

Before the Court are Defendants' Petition for Removal (Docket #1) and Plaintiff's Pro Se Civil Rights Complaint (Docket #1, Exhibit A). The complaint is subject to review by the court prior to proceeding.

**I.      Removal of this Action was Proper**

Plaintiff, an inmate at Ely State Prison, filed a *pro se* civil rights complaint on March 3, 2010, in the Seventh Judicial District Court of the State of Nevada in the County of White Pine. Defendant Debra Brooks was served on or about March 15, 2010. Defendants filed a Notice of Removal in this Court on April 9, 2010. (Docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged a violation of his rights under the U.S. Constitution. Defendants appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction over the claim raised in the complaint.

## II.     Screening of the Complaint

The complaint must be screened pursuant to 28 U.S.C. §1915A.  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less

stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

In the instant complaint, plaintiff alleges he has been charged and disciplined for a major disciplinary violation related to gang activity and that the charges were not brought by the Associate Warden of Operations, Ms. Brooks, in violation of the prison regulations, violating his right to due process guaranteed by the Fourteenth Amendment.  He contends Debra Brooks, as the Associate Warden of Operations, charged with overseeing the disciplinary processes within the prison is responsible for this civil rights violation.  He further contends that because the prison regulations governing the disciplinary charges at issue here limit the officials' discretion, he is entitled to relief.[1]

The Supreme Court has held that although "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime," *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), his interest in due process "must be accommodated in the distinctive setting" and "legitimate institutional needs" of a prison, *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1984). Procedures that must be provided to prisoners in disciplinary matters if the minimum requirements of procedural due process are to be satisfied include: advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974).

Plaintiff has failed to demonstrate that he was denied due process having made no allegations that he was denied prior notice or a written statement of the evidence relied upon or that he did not know the reason for the disciplinary action.  Moreover, the United States Supreme Court has held that prison officials are entitled to deference and flexibility in managing the prison environment.  Thus, officials cannot be held to have violated the fourteenth amendment on the basis

---

[1] Plaintiff cites to *Walker v. Sumner,* 14 Fed 1415 (9th Cir. 1994) to support this contention. However, *Walker* is no longer good law following *Sandin v. Connor,* 515 U.S. 472 (1995).

of a departure from the strict interpretation of their own internal regulations.   The complaint shall be dismissed.

        **IT IS THEREFORE ORDERED** that the Clerk shall file the complaint which is **DISMISSED WITH PREJUDICE.**

        The Clerk shall enter judgment accordingly.

        DATED this 25th day of October, 2010.

                        */s/ Edward C. Reed*
                        UNITED STATES DISTRICT JUDGE